UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| ANTONIO SERNA RAMIREZ, | Petitioner |
| v. | Civil Action No. 4:26-cv-314-RGJ |
| MIKE LEWIS, et al., | Respondents. |

* * *

| | |
|---|---|
| ISIDRO MARTINEZ GARCIA, | Petitioner, |
| v. | Civil Action No. 4:26-cv-316-RGJ |
| MIKE LEWIS, et al., | Respondents. |

* * *

| | |
|---|---|
| HARPREET SINGH, | Petitioner, |
| v. | Civil Action No. 4:26-cv-319-RGJ |
| MIKE LEWIS, et al., | Respondents. |

* * *

| | |
|---|---|
| MANINDER SINGH, | Petitioner, |
| v. | Civil Action No. 4:26-cv-324-RGJ |
| MIKE LEWIS, et al., | Respondents. |

* * *

| | |
|---|---|
| MAYNOR RAMOS-RAMIREZ, | Petitioner, |
| v. | Civil Action No. 4:26-cv-326-RGJ |
| SAMUEL OLSON, et al., | Respondents. |

* * *

| | |
|---|---|
| RENATA JOSEPH, | Petitioner, |
| v. | Civil Action No. 4:26-cv-327-RGJ |
| JASON WOOSLEY, et al., | Respondents. |

* * * * *

**ORDER**

In each of the above captioned cases, the United States has conceded that each Petitioner is detained under U.S.C. § 1225(b)(2) as an "applicant for admission." The United States has also conceded that the only legally relevant question in each Petition is whether the Petitioner is detained under U.S.C. § 1225 or § 1226 and has incorporated its Sixth Circuit brief on the matter. And further, it is undisputed that each Petitioner has not been provided with a

1

bond hearing.

In *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at \*4–9 (6th Cir. May 11, 2026) the Sixth Circuit rejected the United States's broad interpretation of Section 1225. The Sixth Circuit held that the detention of noncitizens, like Lopez-Campos, who entered the United States without inspection and who have resided in the interior, is governed by Section 1226(a), *id.* at \*9, and that the continued detention of those noncitizens without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at \*13.  A published decision of the Sixth Circuit binds this Court. *Wright v. Spalding,* 939 F.3d 695, 700 (6th Cir. 2019).

The Sixth Circuit's opinion is in line with other circuits, such as the Second, Seventh, and Eleventh, *Cunha v. Freden,* --- F.4th --- 2026 WL 1146044, \*4-\*23 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th --- 2026 WL 1223250, \*9-\*21 (7th Cir. May 5, 2026); *Alvarez v. Warden,* --- F.4th --- 2026 WL 1243395, \*1-\*22 (11th Cir. May 6, 2026),  as well as this Court's previous opinions, *Edahi v. Lewis*, 2025 WL 3466682, at \*5-\*13 (W.D. Ky. Nov. 27, 2025)  and *Vicen v. Lewis,* 2026 WL 541171, \*2–\*9 (W.D. Ky. Feb. 26, 2026).   The reasonings of all these decisions are incorporated here by reference.  For all the reasons set forth in *Lopez-Campos*, the other Circuit Court opinions, and this court's previous opinions, the United States has violated the due process rights of each Petitioner.

For the above reasons, the Court **ORDERS** the following:

I.    Each Petition for Writ of Habeas Corpus is **GRANTED**.

II.   The United States is directed to release each Petitioner immediately because of the unlawful detention in violation of their due process rights.

III.  The United States must provide them with a bond hearing before a neutral IJ pursuant to Section 1226.

IV.     The United States must certify compliance with the Court's order by a filing on the

docket **by May 17, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

May 14, 2026

3